**UNITED STATES of America,**
**Appellee,**

v.

**Aleida SANTOS, Defendant–Appellant.**

**No. 05–5686–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 1, 2006.

the applicability of U.S.S.G. § 2K2.1 to Frenchie's New York State Youthful Offender Ad-

judication for robbery.

B. Alan Seidler, New York, NY, for Appellant.

Thomas G.A. Brown, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Celeste L. Koeleveld, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Aleida Santos appeals from a judgment in a criminal case, entered October 4, 2005, following her plea of guilty to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. The District Court sentenced Santos principally to a term of seventy months' imprisonment, to be followed by four years' supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Santos challenges the sentence imposed by the District Court, arguing that (1) the District Court erroneously denied her application for a downward departure based on "extraordinary" family circumstances and (2) the District Court's decision not to impose a non-Guidelines sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and 18 U.S.C. § 3553(a).

Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that defendant's claims are without merit. First, as was the case when the Guidelines were mandatory, we have held in the post-*Booker* sentencing regime that "a refusal to downwardly depart is generally not appealable," and that review of such a denial will be available only "when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005); *see also United States v. Gonzalez*, 281 F.3d 38, 42 (2d Cir.2002) (stating pre-*Booker* rule). Because the record indicates that the District Court acted with full knowledge of its authority, defendant's claim must be rejected.

Second, we find nothing in the record suggesting that the ultimate sentence was not reasonable under the circumstances presented. In support of her request for a non-Guidelines sentence based on family circumstances, Santos stated that her four children—one of whom was born while she was incarcerated—would have to reside with her mother on public assistance, and that her family's culture had revolved around drug dealing.[1] The District Court rejected these arguments, emphasizing that Santos had engaged in extensive drug-dealing activities from her home, had taken her children on a drug delivery trip, and acted with full awareness of the criminal nature of her actions. Citing "the broader criteria of Section 3553(a) of Title 18," the District Court held that a sentence at the bottom end of the advisory Guidelines range was appropriate. Upon this record, we conclude that the District Court's sentence was not unreasonable.

Finally, we find ourselves compelled to note that the brief filed by defense counsel was deficient, albeit not in ways that appeared to us to affect the success of the arguments made on this appeal. For example, the brief does not address our conclusion, in both published decisions and multiple unpublished summary orders involving this defense counsel, that we lack jurisdiction to review a district court's refusal to grant a downward departure absent evidence that the court misapprehended the scope of its authority or if the sentence is otherwise illegal; fails to comply with Federal Rule of Appellate Procedure 28(a)(8) and (9) regarding the contents of the brief; is replete with typographical errors, including the statement that it is the "Brief for Appellant *Sow*" when, of course, it is the brief for Appellant *Santos*; fails to include a

year of decision for most of the cases listed in the Table of Authorities; and fails to include cases cited in the body of the brief in the Table of Authorities.

\* \* \*

We have carefully considered all of defendant's arguments on appeal and find each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

---

1. Santos also noted that her husband, Alexis Escalante, had been sentenced to 78 months' imprisonment for his involvement in the charged conspiracy.